UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MINGO THAMES, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-263-JD-MGG |
| WILLIAM HYATTE, et al., | |
| Defendants. | |

OPINION AND ORDER

Mingo Thames, a prisoner without a lawyer, filed a complaint, alleging he was attacked by his roommate on May 12, 2019, at Miami Correctional Facility. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Thames alleges that on Saturday, May 11, 2019, he woke up to his roommate masturbating over him. ECF 1 at ¶ 12. When confronted, his roommate answered, "What, you want to fight?" *Id.* Thames informed Floor Officer Russell what had just happened, and she informed Sergeant James, the sergeant on the unit. *Id.* at ¶ 13. When Sergeant James came down, Thames told him that for the past four days, his roommate

had been "jacking off" over him while he slept and then threated to "kick [his] ass" when confronted about it. *Id.* at ¶ 14. Sergeant James said that because it was the weekend, Thames would have to wait until Monday to do anything about it. *Id.* at ¶ 15. Thames responded that his roommate was bigger than he was and that he feared for his life. *Id.* at ¶ 16. When Thames asked to speak to a lieutenant, Sergeant James threatened to send Thames to a segregation unit and told him to "deal with it until Monday." *Id.* at ¶ 17.

On Sunday, May 12, 2019, Thames informed Sergeant Cochran about the problems he was having with his roommate—specifically that his roommate was masturbating over him while he slept and threatened him. ECF 1 at ¶ 18. Sergeant Cochran told him there was nothing he could do about it until Monday. *Id.* at ¶ 20. Later that day, Thames repeated his fears to Floor Officer Evans, who said there was nothing she could do about it. *Id.* at ¶ 21. Thames again asked Sergeant James that he be moved because he feared for his life. *Id.* at ¶ 23. Sergeant James told Thames that if he would lock down for count, afterwards he would let Thames out to do laundry the entire night to avoid his roommate. *Id.* Thames agreed reluctantly, but during lockdown his roommate threw boiling water on his head, face, neck, and arm. *Id.* at ¶ 24.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates" and to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). However, "prisons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777

(7th Cir. 2008). Therefore, a failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). This is a high standard. As the Seventh Circuit has explained:

> To establish deliberate indifference on the part of the defendants sued individually, [plaintiff] needed to show that the officers acted with the equivalent of criminal recklessness, in this context meaning that they were actually aware of a substantial harm to [plaintiff's] health or safety, yet failed to take appropriate steps to protect him from the specific danger.

*Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008).

Thames has plausibly alleged that Sergeant Cochran, Floor Officer Evans, and Sergeant James were deliberately indifferent to the risk that his roommate would harm him. The complaint alleges that Sergeant Cochran and Floor Officer Evans did nothing in response to Thames' reported fears, which, if proven, is a prototypical case of deliberate indifference. As to Sergeant James, further factual development might show that his response was reasonable—he offered (or threatened) to send Thames to segregation and he suggested a way for Thames to avoid his roommate overnight until Monday. But giving Thames the inferences to which he is entitled, he has stated a claim against Sergeant James. However, the allegations in the complaint show that Floor Officer Russell responded reasonably to the threat by referring Thames to the sergeant

3

on the unit. She did not ignore the threat, and nothing suggests she had the power to contradict the sergeant's decision on the matter. Therefore, she will be dismissed.

Thames also sues Warden Hyatte, alleging he is liable based on failing to properly train his staff about how to protect inmates. Individual liability under § 1983 requires personal involvement in the alleged violation. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Because there is no allegation that Warden Hyatte was personally aware of the situation Thames faced, any potential liability would have to be against him in his official capacity based on a showing that the prison's "official policy, widespread custom, or action by an official with policy-making authority was the moving force behind [plaintiff's] constitutional injury." *Dixon v. Cnty. of Cook*, 819 F.3d 343, 348 (7th Cir. 2016) (quotation marks omitted) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978)); *see also Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372, 381 (7th Cir. 2017). Such a claim can be based on the failure to train, but such claims are difficult to prove, as they are subject to "rigorous fault and causation requirements." *Ruiz-Cortez v. City of Chicago*, 931 F.3d 592, 599 (7th Cir. 2019) (citation and internal quotation marks omitted). A failure-to-train claim is actionable only if the failure amounted to "deliberate indifference to the rights of others." *Miranda v. Cnty. of Lake*, 900 F.3d 335, 345 (7th Cir. 2018). Deliberate indifference exists where the defendant (1) failed "to provide adequate training in light of foreseeable consequences"; or (2) failed "to act in response to repeated complaints of constitutional violations by its officers." *Id.* (citations omitted). Here, the allegations suggest the prison employees

4

could have taken action but chose not to, which does not plausibly allege a widespread problem of inadequate training or procedures. Warden Hyatte must be dismissed.

For these reasons, the court:

(1) GRANTS Mingo Thames leave to proceed against Sergeant James, Sergeant Cochran, and Officer Evans in their individual capacities for compensatory and punitive damages for failing to protect him from an attack by his roommate on May 12, 2019, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES William Hyatte and Officer Russell;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Sergeant James, Sergeant Cochran, and Officer Evans at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sergeant James, Sergeant Cochran, and Officer Evans to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on September 16, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT